# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CASSANDRA PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-650-TCK-FHM |
| ) | |
| v. ) | |
| ) | |
| 1. GREEN COUNTRY CARE CENTER, ) | |
| a domestic for profit business corporation, ) | *Jury Trial Demanded* |
| ) | |
| Defendant. ) | *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Cassandra Phillips, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, MCMURRAY ‖ KEESLING, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2017) and 28 U.S.C. § 1343(a)(4) (2017), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (2017).

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Cassandra Phillips, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant Green Country Care Center ("Green Country"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer

affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C. § 2000e(b), and was and is a business operating in the City of Tulsa, Tulsa County, Oklahoma.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6. Plaintiff Cassandra Phillips incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. At all times relevant to the claims alleged herein, Defendant Green Country operated an assisted living facility located at 3601 North Columbia Avenue, City of Tulsa, Tulsa County, Oklahoma.

8. At all times relevant to the claims alleged herein, Plaintiff was an employee of Green Country, as defined under 42 U.S.C. § 2000e(f), working in the position of a Long Term Care Certified Nursing Assistant.

9. Plaintiff was assigned to the "Alzheimer's and Dementia Unit" at Green Country, consistent with her education and training as a Long Term Care Certified Nursing Assistant.

10. Further, Plaintiff has been at all times relevant to the claims alleged herein a member of a recognized protected class under applicable federal statutes and law, that being a female.

11. Plaintiff began her employment with Green Country on or about October 2015.

12. Plaintiff ended her employment with Green Country on or about April 7, 2016, which will be more fully described below.

13. During the course of her employment at Green Country, Plaintiff was subjected to commentary and conduct that were subjectively and objectively offensive by a male co-worker named Alex, who worked in maintenance.

14. The offensive conduct was sexual in nature and included the following:

   a. Alex would ask Plaintiff if she (Plaintiff) knew what Alex was working with and then overtly grab and squeeze his own genital /crotch area.

   b. Alex would make sex-based comments on the appearance of Plaintiff's buttocks.

   c. Alex would tell Plaintiff that she was "sexy" and that he (Alex) could "fuck [Plaintiff] so good."

15. Plaintiff found these comments and actions to be unwelcome, offensive and intimidating.

16. Plaintiff told Alex that she found his comments and actions offensive and inappropriate, particularly in light of the facts that Alex's mother was the facility activities coordinator and Alex's wife worked in the kitchen.

17. Alex also grabbed Plaintiff's buttocks, without Plaintiff's consent.

18. Alex additionally pressed his crotch against Plaintiff's buttocks, without Plaintiff's consent.

19. Though both Plaintiff and Alex were clothed, Plaintiff could feel that Alex's penis was erect.

20. Plaintiff immediately pulled away from Alex and demanded he leave.

21. In his most egregious act, days after the incident described in Paragraphs 17 to 20 above, Alex extracted his penis from his pants and displayed it to Plaintiff.

22. Alex then asked Plaintiff if she knew what to do with (Alex's penis) and if she could handle its "size."

23. In another egregious act, though he was unauthorized to do so, Alex entered an area in which Plaintiff and a hospice worker, Lynnette Mefford, were giving a female resident a shower.

24. Plaintiff confided in Lynnette Mefford, about Alex's actions.[1]

25. Lynnette Mefford informed Green Country management of Alex's conduct, including that directed toward Plaintiff.

26. Plaintiff was called to a meeting with Green Country management personnel pursuant to Ms. Mefford's complaint.

27. In the meeting, Plaintiff described other acts of harassment on Alex's part, but did not disclose the incident in which Alex exposed his penis to her.[2]

28. The meeting included the presence of Alex.

29. At the meeting Green Country management personnel asked Plaintiff – in Alex's presence – what Plaintiff believed was an appropriate punishment for Alex.

30. Pursuant to the meeting, Plaintiff was assured that Alex would be disciplined via suspension and that he would be required to work in areas and /or shifts that would prevent Plaintiff and Alex from having contact with one another.

---

[1] The conversation between Plaintiff and Lynnette Mefford was spurred by Alex making his unauthorized entry into a room as Ms. Mefford and Plaintiff were engaged in bathing a female resident. Ms. Mefford confronted Alex, and it was Ms. Mefford who informed Green Country management regarding Alex's harassment of Plaintiff. Thus, Green Country management was made aware of the situation.

[2] Plaintiff was a victim of a sexual assault incident during her teens. All of Alex's conduct was traumatizing for her, but the exposure incident was particularly troubling. Thus, due to the humiliation and embarrassment she felt, Plaintiff did not disclose that particular act to management.

31. However, upon information and belief, Alex was never suspended.

32. Further, Alex remained assigned to working in the same areas and times as Plaintiff.

33. Alex would harangue Plaintiff with uninvited attempts to converse with Plaintiff about her allegations.

34. Plaintiff, however, was moved to another area (in which Alex was present) and given a job assignment with elevated work responsibilities, but without a commensurate increase in pay.

35. Moreover, subsequent to her complaint, Green Country management required Plaintiff to submit to a drug urinalysis that lacked any merit or foundation for making such a demand.

36. Thus, in light of Green Country's lack of action regarding Alex, as well as the retaliatory change of assignment and meritless drug test, on April 7, 2016, Plaintiff constructively discharged from her employment with Green Country.

37. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), on or about January 10, 2016, by and through her retained counsel, averring unlawful discrimination on the basis of sex, as well as retaliation.

38. On September 14, 2017, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," which was received by Plaintiff's counsel on September 18, 2017 via regular mail, meaning that this matter has been timely filed, within ninety (90) days of the receipt of said Right to Sue Letter.

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C. §§ 2000e** *et seq.*
**AS TO DEFENDANT GREEN COUNTRY CARE CENTER**

39. Plaintiff Cassandra Phillips incorporates paragraphs 1 through 38 herein as if fully set forth verbatim.

40. Plaintiff, while an employee of Defendant Green Country Care Center, was subjected to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature on the part of a co-worker in Plaintiff's workplace.

41. The conduct, which was sexual in nature, as described herein, was unwelcome.

42. The conduct, which was sexual in nature, as described herein, was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment, thereby creating an abusive or hostile work environment.

43. Plaintiff perceived her work environment to be abusive or hostile.

44. A reasonable woman in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

45. As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, i.e., hostile work environment, Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, were violated, causing her injury.

46. Consequently, Plaintiff Cassandra Phillips is entitled to damages and other relief as set forth herein.

## SECOND CAUSE OF ACTION
### UNLAWFUL RETALIATION
### TITLE VII, 42 U.S.C. §§ 2000e *et seq.*
### AS TO DEFENDANT GREEN COUNTRY CARE CENTER

47. Plaintiff Cassandra Phillips incorporates paragraphs 1 through 46 herein as if fully set forth verbatim.

48. Plaintiff engaged in protected activity under the law, that is, Plaintiff complained to management personnel with Defendant Green Country Care Center of unlawful and unwelcome conduct on the part of a co-worker that created a hostile work environment for Plaintiff.

49. Defendant Green Country Care Center subjected Plaintiff to adverse employment actions by:

   a. Failing to separate Plaintiff from the offending co-worker as promised;

   b. Moving Plaintiff to a less desirable assignment in her workplace;

   c. Piling on substantially more work for Plaintiff without a commensurate increase in compensation;

   d. Requiring Plaintiff to submit to a urinalysis /drug test that lacked any foundational merit for the request.

50. Plaintiff was subjected to the adverse employment actions reference in Paragraph 49 above because of her engaging in the protected activity described in Paragraph 48 above.

51. The actions adverse actions taken by Defendant Green Country Care Center were likely to dissuade a reasonable employee from making or supporting a charge of discrimination in the employee's workplace.

52. As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, i.e., retaliation, Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, were violated, causing her injury.

53. Consequently, Plaintiff Cassandra Phillips is entitled to damages and other relief as set forth herein.

**THIRD CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**
**TITLE VII, 42 U.S.C. §§ 2000e *et seq*.**
**AS TO DEFENDANT GREEN COUNTRY CARE CENTER**

54. Plaintiff Cassandra Phillips incorporates paragraphs 1 through 53 herein as if fully set forth verbatim.

55. Plaintiff and Defendant Green Country Care Center had an established employer-employee relationship during the period of time that Plaintiff was subjected to unwelcome and offensive sexual comments and conduct by a co-worker that adversely affected Plaintiff's terms and conditions of employment.

56. Further, Defendant Green Country Care Center subjected Plaintiff to adverse employment actions, as described herein, subsequent to Plaintiff engaging in protected activity under the law, i.e., complaining to Defendant's management personnel about the unwelcome and offensive sexual comments and conduct.

57. A reasonable employee in Plaintiff's circumstances would find the working conditions described herein to be intolerable.

58. Accordingly, Plaintiff separated from her employment from Defendant Green Country Care Center, effecting a constructive discharge.

59. As a result, Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, were violated, causing her injury.

60. Consequently, Plaintiff Cassandra Phillips is entitled to damages and other relief as set forth herein.

### PUNITIVE AND EXEMPLARY DAMAGES

61. Plaintiff Cassandra Phillips incorporates paragraphs 1 through 60 herein as if fully set forth verbatim.

62. The acts and omissions by Defendant Green Country Care Center, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

63. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Cassandra Phillips prays this Court will grant to her the following relief:

A. Judgment against Defendant Green Country in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Punitive damages against Defendant Green Country where permitted by law;

C. Order Defendant Green Country to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**MCMURRAY || KEESLING**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*Cassandra Phillips*